UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL MEHBOOB,<br><br>                              Plaintiff,<br><br>v.<br><br>DESERT AUTO GROUP V LLC,<br><br>                              Defendants. | Case No.:  23cv1073-JO-BGS<br><br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

On June 8, 2023, *pro se* Plaintiff Bilal Mehboob filed a complaint alleging that his former employer, Defendant Desert Auto Group V LLC ("Desert Auto"), discriminated against him and retaliated against him for complaining about that discrimination.  Dkt. 1 ("Compl.").  Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel.  Dkts. 2–3.  For the following reasons, the Court grants Plaintiff's IFP request, dismisses his complaint under 28 U.S.C. § 1915(e)(2), and denies his motion to appoint counsel as moot.

## I. BACKGROUND

Plaintiff, a former employee of Desert Auto, alleges that the company discriminated against him and then unlawfully terminated him in retaliation for complaining about that discrimination.  *See* Compl. at 2.  Plaintiff is a Pakistani male that began working for Desert

1

Auto as a sales manager on or around September 21, 2021. *Id.* During his employment, Desert Auto allegedly showed "favorable treatment to Hispanic employees" and treated Plaintiff less favorably. *Id.* Plaintiff also claims that Desert Auto refused his request for a disability accommodation. Dkt. 1-3 at 4. When Plaintiff complained regarding the racial discrimination that he suffered, Desert Auto allegedly terminated him in retaliation. *Id.*

Following his termination, Plaintiff raised these grievances with the Equal Employment Opportunity Commission ("EEOC") in November. Dkt. 1-2 at 5. He received a right to sue letter from the EEOC on March 8, 2023, permitting him to pursue his claims against Desert Auto in federal court. *Id.*

Based on the above facts, Plaintiff brings three federal claims and one state claim against Defendant Desert Auto before this Court: (1) discrimination on account of race and national origin under Title VII of the Civil Rights Act of 1964, (2) retaliation under Title VII, (3) discrimination in violation of the Americans with Disabilities Act ("ADA"), and (4) retaliation under California Labor Code § 1102.5.

## II. PLAINTIFF'S IFP MOTION

Upon review of Plaintiff's affidavit in support of his IFP motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fee required to prosecute this action. *See* Dkt. 2. Accordingly, the motion is granted.

## III. LEGAL STANDARD

Because Plaintiff was granted leave to proceed IFP, his Complaint must undergo a *sua sponte* screening for dismissal. A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. *Pro se* complaints are construed "liberally" and may be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal quotation marks omitted).

## IV. IFP SCREENING

Upon screening Plaintiff's complaint, the Court notes that Plaintiff's federal discrimination, retaliation, and disability claims may be invalid because they are untimely. The Court will first examine the timeliness of Plaintiff's federal claims and then discuss its jurisdiction over the remaining state law claim.

**A. Plaintiff's Title VII and ADA Claims are Untimely**

First, the Court considers whether Plaintiff's claims under Title VII and the ADA are untimely. A plaintiff wishing to sue under Title VII or the ADA must first file a charge with the EEOC and receive a letter permitting suit in court. 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117(a); *Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018). Once the EEOC has issued this right-to-sue letter, a plaintiff has ninety days to file his or her Title VII or ADA claims in court. *See* 42 U.S.C. § 2000e-5(f)(1); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Because this ninety-day period acts as a statute of limitations, claims filed after the ninety-day limitations period must be dismissed unless the plaintiff has pleaded facts that support extending the deadline in the interests of fairness. *Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992) (noting failure to

comply with 90-day deadline requires dismissal); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) (equitable tolling only available in exceptional circumstances such as when a plaintiff is misled about a deadline or given inadequate notice).

Here, Plaintiff failed to file his claims within ninety days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Mann*, 324 F.3d at 1090. Plaintiff alleges that he received a right-to-sue letter from the EEOC on March 8, 2023, and therefore, he had until June 6, 2023 to timely file his Title VII and ADA claims. Dkt. 1-2 at 5. Plaintiff filed his complaint in this action two days late on June 8, 2023, without explaining in his complaint why he could not meet the deadline. Although the deadline can be extended in rare circumstances, such as when a plaintiff was misled about the deadline or received inadequate notice, Plaintiff has not alleged that any such circumstances exist here. *See, e.g.*, *Baldwin*, 466 U.S. at 151. Accordingly, the Court dismisses Plaintiff's Title VII and ADA discrimination, retaliation, and disability claims as untimely.

**B. Leave to Amend the Federal Claims**

The Court dismisses the above claims without prejudice because it is not clear at this juncture that Plaintiff could not remedy the legal insufficiency of his claims with additional factual allegations. Dismissal with prejudice is only warranted where amendment would be futile because flaws in the claims cannot be cured. *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading"). Here, Plaintiff may be able to plead that he filed this action late for reasons that would warrant an extension of the ninety-day deadline. Accordingly, Plaintiff has 45 days from the date of this order to amend his complaint.

**C. The Court Declines Jurisdiction Over Plaintiff's Remaining State Law Claim**

Because the Court has dismissed Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. A court may exercise supplemental jurisdiction to hear a plaintiff's state law claims that "derive from a common

4

nucleus of operative fact[s]" as his or her federal claims.  28 U.S.C. § 1367(c); *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002).  But where it has dismissed all federal claims over which it had original jurisdiction, it may decline to extend its jurisdiction to the remaining state claims.  *See id.*; *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).  In deciding whether to continue to exercise supplemental jurisdiction, the court considers the interests of judicial economy, convenience, fairness, and comity.  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997); *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001).  Here, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.  Because the Court has dismissed all of Plaintiff's federal claims—the claims that conferred original jurisdiction—the Court need not exercise supplemental jurisdiction over the remaining state law claim.  *See* 28 U.S.C. § 1367(c); *Sanford*, 625 F.3d at 561 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).  Thus, Plaintiff's state law claim is dismissed without prejudice to refiling in state court.

///

///

///

///

///

///

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V. CONCLUSION

For the reasons set out above, the Court GRANTS Plaintiff's motion to proceed IFP [Dkt. 2] and DISMISSES Plaintiff's complaint in full under 28 U.S.C. § 1915(e)(2) [Dkt. 1].  Plaintiff's motion to appoint counsel is dismissed without prejudice as moot [Dkt. 3]. Plaintiff has 45 days from the date of this order to file an amended complaint.  Failure to do so will result in dismissal of this action.

**IT IS SO ORDERED**.

Dated:  June 16, 2023

Hon. Jinsook Ohta
United States District Judge

6

23cv1073-JO-BGS