UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL MEHBOOB SHAH,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DESERT AUTO GROUP V LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 23cv1073-JO-BGS<br><br>**ORDER DISMISSING AMENDED COMPLAINT** |

On October 10, 2023, *pro se* Plaintiff Bilal Mehboob Shah filed an amended complaint alleging that his former employer, Defendant Desert Auto Group V LLC ("Desert Auto"), both discriminated and retaliated against him in violation of employment laws. Dkt. 15 ("Am. Compl."). Upon screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court dismisses his complaint as untimely.

## I. BACKGROUND

Plaintiff claims that Desert Auto discriminated against him and then unlawfully terminated him in retaliation for requesting accommodations. *See id.* at 4. Plaintiff, a Pakistani male, began working for Desert Auto as a sales manager on or around September 21, 2021. *Id.* His manager mistreated him by yelling at him, throwing things around him, and slamming the table when speaking to him. *Id.* Despite the fact that Desert Auto knew

that Plaintiff suffered from a disability, the company failed to accommodate him. *Id.* When Plaintiff requested time off to visit the doctor regarding his disability, his manager responded to his request by terminating him on November 3, 2021. *Id.*

Following his termination, Plaintiff raised his grievances against Desert Auto with the Equal Employment Opportunity Commission ("EEOC") in November 2021. Dkt. 1-2 at 5. He received a right to sue letter from the EEOC on March 8, 2023, permitting him to pursue his claims against Desert Auto in federal court. *Id.*

After exhausting his claims with the EEOC, Plaintiff initiated a lawsuit in this Court on June 8, 2023 along with a request to proceed *in forma pauperis* ("IFP"). Dkt. 1 ("Compl."). In his complaint, Plaintiff raised three federal claims and one state claim against Defendant Desert Auto: (1) discrimination on account of race and national origin under Title VII of the Civil Rights Act of 1964 ("Title VII"), (2) retaliation under Title VII, (3) discrimination in violation of the Americans with Disabilities Act ("ADA"), and (4) retaliation under California Labor Code § 1102.5. *Id.* On June 16, 2023, the Court granted Plaintiff leave to proceed IFP but, upon screening the complaint, dismissed the federal claims as untimely because he filed his complaint more than ninety days after receiving the right to sue letter. Dkt. 4. at 3–4 ("Order Dismissing Compl.").

The Court granted Plaintiff leave to amend his federal claims on the grounds that he may be able to plead reasons warranting an extension of the ninety-day deadline. *Id.* at 4. On October 10, 2023, Plaintiff filed an amended complaint with the same federal claims and state claim but failed to address why his original complaint was untimely. *See* Am. Compl.

## II. LEGAL STANDARD

Because Plaintiff was granted leave to proceed IFP, his Complaint must undergo a *sua sponte* screening for dismissal. A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such

relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Pro se complaints are construed "liberally" and may be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation and quotation marks omitted).

### III. DISCUSSION

Upon screening Plaintiff's amended complaint, the Court notes that Plaintiff failed to address the untimely filing that led to the dismissal of the federal claims in his first complaint. *See* Order Dismissing Compl. The Court will first examine the timeliness of Plaintiff's federal claims and then address whether it will exercise jurisdiction over the remaining state law claim.

**A. Plaintiff's Title VII and ADA Claims are Untimely**

First, the Court considers whether Plaintiff's claims under Title VII and the ADA are untimely. A plaintiff wishing to sue under Title VII or the ADA must first file a charge with the EEOC and receive a letter permitting suit in court. 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117(a); *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018). Once the EEOC has issued this right-to-sue letter, a plaintiff has ninety days to file his or her

Title VII or ADA claims in court. *See* 42 U.S.C. § 2000e-5(f)(1); *Mann v. Am. Airlines*, 324 F.3d 1088, 1089–90 (9th Cir. 2003). Because this ninety-day period acts as a statute of limitations, claims filed after the ninety-day limitations period must be dismissed unless the plaintiff has pleaded facts that support extending the deadline in the interests of fairness. *Scholar v. Pac. Bell*, 963 F.2d 264, 266–68 (9th Cir. 1992) (noting failure to comply with 90-day deadline requires dismissal); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150–51 (1984) (explaining that equitable tolling is only available in exceptional circumstances such as when a plaintiff is misled about a deadline or given inadequate notice).

Despite the Court's order inviting him to do so, Plaintiff's amended complaint does not explain why he failed to file his federal employment claims within ninety days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Mann*, 324 F.3d at 1090. Because Plaintiff received a right-to-sue letter from the EEOC on March 8, 2023, he had until June 6, 2023 to timely file his Title VII and ADA claims. Dkt. 1-2 at 5. Yet, Plaintiff filed his complaint two days late on June 8, 2023, requiring the Court to dismiss his federal claims. Order Dismissing Compl. The Court noted, however, that the deadline can be extended in rare circumstances, such as when a plaintiff was misled about the deadline or received inadequate notice. *Id.* at 4 (citing *Baldwin*, 466 U.S. at 151). The Court, therefore, granted leave to amend so that Plaintiff could demonstrate why he could not meet the deadline. *Id.* Even though the Court explained this in its order dismissing Plaintiff's first complaint, Plaintiff failed to remedy this problem or provide any explanation in his amended complaint. *See* Am. Compl. As a result, Plaintiff's federal claims remain untimely because Plaintiff has not established that circumstances warrant an extension of the ninety-day deadline in this case. *See Scholar*, 963 F.2d at 266–68. Accordingly, the Court dismisses Plaintiff's Title VII and ADA discrimination, retaliation, and disability claims.

Given Plaintiff's *pro se* status, the Court will provide him one more opportunity to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A

district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal citation and quotation marks omitted)).  Because Plaintiff may be able to plead that he filed this action late for reasons that would warrant an extension of the ninety-day deadline, amendment would not be futile in this case.  *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading").  Accordingly, Plaintiff has 45 days from the date of this order to amend his complaint.

**B. The Court Declines Jurisdiction Over Plaintiff's Remaining State Law Claim**

Because the Court has dismissed Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.  A court may exercise supplemental jurisdiction to hear a plaintiff's state law claims that "derive from a common nucleus of operative fact[s]" as his or her federal claims.  28 U.S.C. § 1367(c); *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002) (internal citation and quotation marks omitted).  But where it has dismissed all federal claims over which it had original jurisdiction, a court may decline to extend its jurisdiction to the remaining state claims.  *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).  In deciding whether to continue to exercise supplemental jurisdiction, the court considers the interests of judicial economy, convenience, fairness, and comity.  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997); *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001).  Here, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.  Because the Court has dismissed all of Plaintiff's federal claims—the claims that conferred original jurisdiction—the Court need not exercise supplemental jurisdiction over the remaining state law claim.  *See* 28 U.S.C. § 1367(c); *Sanford*, 625 F.3d at 561 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting *Carnegie–Mellon Univ. v.*

*Cohill*, 484 U.S. 343, 350 n. 7 (1988))). Thus, Plaintiff's state law claim is dismissed without prejudice to refiling in state court.

### IV. CONCLUSION

For the reasons set forth above, the Court DISMISSES Plaintiff's complaint in full under 28 U.S.C. § 1915(e)(2). Dkt. 15. Plaintiff has 45 days from the date of this order to file an amended complaint. Failure to file an amended complaint by January 15, 2024 will result in dismissal of this action.

**IT IS SO ORDERED**.

Dated: November 29, 2023

_____
Hon. Jinsook Ohta
United States District Judge