UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL MEHBOOB SHAH,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DESERT AUTO GROUP V LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 23cv1073-JO-BGS<br><br>**ORDER SCREENING COMPLAINT** |

On January 10, 2024, *pro se* Plaintiff Bilal Mehboob Shah filed an amended complaint alleging that his former employer, Defendant Desert Auto Group V LLC ("Desert Auto"), discriminated and retaliated against him and failed to pay him certain wages in violation of employment laws. Dkt. 28. Upon screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court dismisses his disability discrimination claim and allows his various discrimination, retaliation, and wage and hour claims to proceed.

## I. BACKGROUND

Plaintiff, a Pakistani male, was hired by Desert Auto, a car dealership, on September 21, 2021. Dkt. 14, Second Amended Complaint ("SAC") at 6. Plaintiff worked as a sales manager until Desert Auto terminated his employment on November 4, 2021. *Id.* at 7.

1

Plaintiff alleges that, during the course of his employment, he was treated differently than other employees on account of his race. For example, Plaintiff claims that Desert Auto gave preferential treatment to its Hispanic employees by purposefully funneling a substantial number of sales leads as well as "divert[ing] internet sales" to these employees. *Id.* at 6. Plaintiff made a complaint about this unfair treatment on or around October 28, 2021. *Id.*

Plaintiff also claims that the dealership's finance office engaged in questionable business practices, such as charging customers higher amounts for Department of Motor Vehicles fees and failing to provide certain customers with written contracts for their purchases. *Id.* at 2, 6. Plaintiff complained about these practices to the dealership's general sales manager, but nothing was done to remedy the issue. *Id.* at 2. Subsequently, Plaintiff complained to Desert Auto's president on October 28, 2021. *Id.* at 6.

Further, Plaintiff alleges that Defendant discriminated against him based on his disability. *Id.* at 2. Plaintiff relates that he experienced "high anxiety and trauma" and was "in a state of shock" on November 3, 2021. *Id.* at 10. He asked for a day off on November 4, 2021. *Id.* at 7. Defendant agreed to this request but fired him later that same day. *Id.*

Plaintiff claims that prior to his termination, he had an "impeccable work record" and had not received any verbal or written complaints about his job performance. *Id.* In fact, during Plaintiff's six weeks of employment, he "had the top sales record . . . and had been verbally appreciated and complimented by [his] manager for performance." *Id.*

Upon his termination, Plaintiff did not receive his final paycheck until November 9, 2021—five days after his last day. *Id.* at 4. He claims this final paycheck was short by $5500. Specifically, Plaintiff states that Desert Auto owes him $4000 in wages for his work and an additional $1500 in "earned vouchers." *Id.* at 7.

Based on the above facts, Plaintiff sought legal redress, first with the EEOC and then in federal court. In November 2021, Plaintiff raised his grievances against Desert Auto with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 1-2 at 5. He received a right to sue letter from the EEOC on March 8, 2023, permitting him to pursue

his claims against Desert Auto in federal court. *Id.* Upon issuing the right to sue letter, the EEOC employee assigned to the case told Plaintiff that he had until June 8, 2023, to file his lawsuit when, in fact, the proper ninety-day deadline was June 6, 2023. Dkt. 22.

On June 8, 2023, Plaintiff initiated a lawsuit in this Court along with a request to proceed *in forma pauperis* ("IFP"). Dkt. 1 ("Compl."). In his first complaint, Plaintiff raised several employment law claims against Desert Auto such as disability discrimination, race discrimination, and whistleblower retaliation. *Id.* On June 16, 2023, the Court granted Plaintiff leave to proceed IFP but, upon screening the complaint, dismissed the federal claims as untimely because he filed his complaint more than ninety days after receiving his right to sue letter.[1] Dkt. 4. at 3–4 ("Order Dismissing Compl.").

Plaintiff filed a second amended complaint on January 10, 2024, addressing the untimeliness of his complaint along with a motion to appoint counsel. *See* SAC. His operative complaint, as liberally construed by the Court, alleges several claims against Defendant Desert Auto: (1) race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the California Fair Employment and Housing Act ("FEHA"); (2) retaliation under Title VII and FEHA; (3) disability discrimination under the Americans with Disabilities Act ("ADA"); (4) whistleblower retaliation under California Labor Code § 1102.5; and (5) failure to timely pay wages. *See generally id.*

## II. LEGAL STANDARD

Because Plaintiff was granted leave to proceed IFP, his Complaint must undergo a *sua sponte* screening for dismissal. A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such

---

[1] In response to this initial dismissal, Plaintiff filed a first amended complaint on October 10, 2023, but once again did not address why his initial complaint was untimely. Dkt. 15. The Court dismissed this complaint on November 29, 2023. Dkt. 22.

relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A *pro se* litigant need only satisfy a "low threshold" to "proceed past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation and quotation marks omitted).

### III. DISCUSSION

Upon screening his amended complaint, the Court finds that Plaintiff has sufficiently alleged reasons why his complaint was timely. SAC at 1; *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150–51 (1984) (explaining that the Title VII statute of limitations can be tolled in exceptional circumstances such as when a plaintiff is misled about a deadline). Additionally, the Court finds that Plaintiff has met the "low threshold" required to survive screening on the following claims: (1) Title VII and FEHA race discrimination; (2) Title VII and FEHA retaliation; (3) section 1102.5 whistleblower retaliation; and (4) failure to timely pay wages under the California Labor Code. *See Wilhelm*, 680 F.3d at 1121. The Court will thus only address whether Plaintiff adequately pleaded his remaining ADA claim.

To make out a prima facie case for employment discrimination under the ADA, a Plaintiff must show that they (1) suffer from a covered disability, (2) are qualified to

perform the essential duties of the job, and (3) were discriminated against due to their disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). The ADA broadly covers "any physiological disorder condition affecting body systems . . . and any mental or psychological disorder." *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884–85 (9th Cir. 2004); 29 C.F.R. § 1630.2(h). In order to qualify as a disability, however, an impairment must substantially limit one or more of the individual's major life activities. *Coons*, 383 F.3d at 884. Further, when a party alleges that they are disabled under the ADA, the disability must be pled with some factual specificity. *Bresaz v. Cnty. of Santa Clara*, 136 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) (citing *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1058 (9th Cir. 2007) (granting motion to dismiss ADA claim because plaintiff made no allegations that he suffered from or was ever diagnosed with a specific mental or physical disorder).

Here, Plaintiff has not pled facts showing that he suffers from a covered disability. His complaint does not identify any medical condition or impairment nor include facts about how it affects his day-to-day life. *See generally* SAC. He alleges only that an incident at work "aggravated [his] anxiety and put [him] in a state of shock." *Id.* at 2, 7, 10. Without more information regarding the nature of Plaintiff's impairment, its duration, and the extent to which it hinders his life activities, the Court cannot determine if he is disabled under the ADA. *See Bresaz*, 136 F. Supp. 3d at 1136; *O'Guinn*, 502 F.3d at 1058. As Plaintiff has not alleged facts showing that he suffers from a covered disability, the Court dismisses Plaintiff's ADA disability discrimination claim.

However, because Plaintiff may be able to allege specific facts to show that he (1) suffers from a recognized disability, (2) was qualified to perform the duties of his job, and (3) was discriminated against because of this disability, the Court grants leave to amend his ADA claim. *See Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading").

## IV. MOTION TO APPOINT COUNSEL

Plaintiff also moves the Court to appoint him an attorney. Unlike the Sixth Amendment's guarantee of representation in criminal matters, there is generally no right to counsel in civil cases. *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021). While courts have the discretion to appoint counsel in civil cases, this is only allowed in "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see* 28 U.S.C. § 1915(e)(1). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* Plaintiff bears the burden of showing that exceptional circumstances exist. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The Court declines to appoint counsel for Plaintiff in this matter. Upon reviewing the documents that Plaintiff has filed in this case, the Court finds that these filings demonstrate his ability to articulate his legal claims. For example, in his second amended complaint, Plaintiff has shown that he can successfully outline the causes of action he seeks to bring as well as the facts relevant to these claims. *See generally* SAC. Moreover, the Court finds that Plaintiff's claims for employment discrimination, retaliation, and wage-and-hour violations are not factually or legally complex. *See id.* Because Plaintiff is capable of pursuing his action *pro se*, this case does not present exceptional circumstances which justify a departure from the general rule that courts do not appoint counsel in civil cases. *See Wilborn*, 789 F.2d at 1331. Accordingly, the Court denies Plaintiff's motion to appoint counsel without prejudice.

## V. CONCLUSION

For the reasons set forth above, the Court DISMISSES Plaintiff's ADA disability discrimination claim without prejudice under 28 U.S.C. § 1915(e)(2) and allows the remainder of his claims to proceed. Dkt. 15. Plaintiff may (1) notify the Court of his intent to proceed only with his retaliation, race discrimination, and wage and hour claims; or (2) file an Amended Complaint that also attempts to correct the deficiencies with respect

to his ADA disability discrimination claim. Plaintiff's amended complaint must be complete by itself without reference to his prior complaints. **Plaintiff must choose one of those options within thirty (30) days from the date this Order is filed.** Failure to choose either option by May 30, 2024, will result in dismissal of this action. *See Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal."). If Plaintiff notifies the Court that he wishes to proceed without amending his ADA claim, the Court will order the U.S. Marshal Service to serve a copy of the Second Amended Complaint and summons upon Defendant. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915; Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED**.

Dated: April 30, 2024

_____
Hon. Jinsook Ohta
United States District Judge