UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL MEHBOOB SHAH,<br><br>                                  Plaintiff,<br><br>v.<br><br>DESERT AUTO GROUP V LLC,<br><br>                                  Defendant. | Case No.:  23cv1073-JO-BGS<br><br>**ORDER SCREENING COMPLAINT & ORDERING MARSHALL SERVICE** |

*Pro se* Plaintiff Bilal Mehboob Shah alleges that his former employer, Defendant Desert Auto Group V LLC ("Desert Auto"), discriminated against him and failed to accommodate his disability. Dkt. 34, Fourth Amended Complaint ("TAC"). Given that the Court has granted his application to proceed *in forma pauperis*, Dkt. 4, the Court must screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2). After screening this complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff has sufficiently pled retaliation, racial discrimination, and state wage and hours claims to proceed.[1] *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (establishing that a *pro se* litigant

---

[1] However, the Court notes that Plaintiff has not sufficiently pled disability discrimination in the operative complaint. Accordingly, the Court dismisses these claims without prejudice.

1

need only satisfy a "low threshold" to "proceed past the screening stage") (internal citation and quotation marks omitted).

    For the reasons explained above, the Court:

1. **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's Fourth Amended Complaint (ECF No. 34) upon Defendant and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the named Defendant. In addition, the Clerk will provide Plaintiff with certified copies of this Order, his Complaint, and the summons (together, the "IFP Package") so that he may serve Defendant.  Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return it to the United States Marshal according to the instructions the Clerk provides.

2. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant Desert Auto Group V LLC as directed by Plaintiff on the USM Form 285s provided, and to file executed waivers of personal service upon Defendant Desert Auto Group V LLC with the Clerk of Court as soon as possible after its return.  Should Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint and request for waiver was mailed to Defendant, and indicate why service upon the party remains unexecuted.  All costs of that service will be advanced by the United States; however*,* if Defendant is located within the United States and fails, without good cause, to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. **ORDERS** Defendant, once he has been served, to reply to Plaintiff's Complaint, and any subsequent pleading he may file in this matter in which they are named as parties, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

**IT IS SO ORDERED**.

Dated:  October 21, 2024

_____
Hon. Jinsook Ohta
United States District Judge